## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

JOEL WILLIAM MALLETTE,

      Plaintiff,

-vs-                    CASE NO.

EQUIFAX INFORMATION
SERVICES LLC; EXPERIAN
INFORMATION SOLUTIONS, INC.;
TRANS UNION LLC; CITIBANK,
N.A.; and DISCOVER BANK,

      Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, JOEL WILLIAM MALLETTE (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"); EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"); TRANS UNION LLC (hereinafter "Trans Union"); CITIBANK, N.A. (hereinafter "Citibank"); and DISCOVER BANK (hereinafter "Discover") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

1

## PRELIMINARY STATEMENT

1.      This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.      Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.      Consumer reporting agencies that create consumer reports, like the CRAs, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.      When a consumer, like Plaintiff, disputes information through the CRAs, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.      The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin.

2

Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURSIDICATION, VENUE, AND PARTIES

6.     The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as Plaintiff is a natural person and resident of Broward County, Florida; Defendants transact business within this District; and a substantial portion of the violations described in this Complaint occurred in this District.

9.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.    Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

11.    Equifax is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Equifax is regularly engaged in the business

3

of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

12.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

14.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.     Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

17.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

19.     Citibank is an FDIC insured national bank headquartered at 380-390 Greenwich Street, New York City, New York 10013 that upon information and belief conducts business in the State of Florida.

20.     Citibank is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

21.     Citibank furnished information about Plaintiff to the CRAs which was inaccurate.

22.     Discover is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

23.     Discover is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2

24.     Discover furnished information about Plaintiff to the CRAs which was inaccurate.

### **FACTUAL ALLEGATIONS**

25.     Plaintiff is alleged to owe a debt to Citibank, partial account number 542418*, as to a credit card (hereinafter "Citibank Account"). Plaintiff never applied or gave permission to anyone to apply using his information for the Citibank Account.

26.     Plaintiff is alleged to owe a debt to Discover, partial account number 601100*, as to a credit card (hereinafter "Discover Account"). Plaintiff never applied or gave permission to anyone to apply using his information for the Discover Account.

27.     Upon information and belief, Plaintiff has been a victim of identity theft for several years.

28.     Plaintiff has made multiple attempts to correct his credit file without much success.

29.     After initially becoming aware of the aforementioned accounts appearing in his credit file, Plaintiff contacted Experian and Trans Union to dispute the Citibank Account and Discover Account which did not belong to him.

30.     Following his dispute, Plaintiff did not receive dispute results from Experian. However, upon review of his updated Experian credit report, Plaintiff observed the Citibank Account continued to be reported with a comment which stated, "Completed investigation of FCRA dispute- consumer disagrees". Further, the Discover Account also continued to be reported with a comment which stated, "Account previously in dispute - investigation complete, reported by data furnisher".

31.     Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnishers.

32.     Experian never attempted to contact Plaintiff during the alleged investigation.

33.     Upon information and belief, Experian notified Citibank of Plaintiff's dispute. However, Citibank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

34.     Upon information and belief, Experian notified Discover of Plaintiff's dispute. However, Discover failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

35.     Following his dispute, Plaintiff did not receive dispute results from Trans Union. However, upon review of his updated Trans Union credit report, Plaintiff observed the Citibank Account continued to be reported with a comment which stated, "Dispute resolved consumer disagrees". Further, the Discover Account also continued to be reported with a comment which stated, "Dispute resolved reported by grantor".

36.     Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnishers.

37.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

38.     Upon information and belief, Trans Union notified Citibank of Plaintiff's dispute. However, Citibank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

39.     Upon information and belief, Trans Union notified Discover of Plaintiff's dispute. However, Discover failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

40.     On or about April 9, 2024, Plaintiff obtained copies of his credit reports from Equifax and Trans Union. Further, on or about April 18, 2024, Plaintiff obtained a copy of his credit report from Experian. Upon review, Plaintiff observed a hard inquiry and personal identifying information including addresses which were incorrect and did not belong to him. Further, Plaintiff observed the following erroneous accounts were appearing in his credit file.

     i.    Citibank Account, with a status of charged off and balance of $274;

    ii.    Discover Account, with a status of charge off and balance of $215; and

   iii.    Bull City, partial account number 14677*, a collection account on behalf of original creditor Duke Energy Florida, with a balance of $351 (hereinafter "Bull City Account").

41.     On or about April 24, 2024, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 172102002. In this report, he explained that he was a victim of identity theft, and that the aforementioned fraudulent accounts were listed in his credit report.

42.     On or about May 9, 2024, Plaintiff mailed a detailed dispute letter to the CRAs regarding the inaccurate reporting. In the letter, Plaintiff explained he was a victim of identity theft and requested a copy of his credit report. Further, Plaintiff

explained that a hard inquiry and personal identifying information were appearing in his credit file which were incorrect and did not belong to him. Further, Plaintiff explained the aforementioned accounts were fraudulent and did not belong to him. In the letter, Plaintiff included an image of his driver's license and Social Security card as proof of identity. Plaintiff also included images of the erroneous reporting and images of the FTC Identity Theft Report.

43.     Plaintiff mailed his detailed dispute letter via USPS Certified Mail to Equifax (9589 0710 5270 1816 0732 09), Experian (9589 0710 5270 1816 0732 16), and Trans Union (9589 0710 5270 1816 0732 23).

44.     On or about May 25, 2024, Plaintiff received a response from Equifax stating it would not be blocking his information and requested additional proofs of identification despite Plaintiff having provided his current driver's license and Social Security card.

45.     Despite confirmation of delivery, Plaintiff did not receive dispute results or a copy of his credit report in the mail from Equifax. However, on or about June 13, 2024, Plaintiff contacted Equifax via telephone and spoke to representative Van who stated the Citibank Account and Discover Account were verified as accurate. Plaintiff did not receive dispute results as to the Bull City Account.

However, upon review of his updated credit report, Plaintiff observed the Bull City Account was no longer appearing in his credit report.

46.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

47.     Equifax never attempted to contact Plaintiff during the alleged investigation.

48.     Upon information and belief, Equifax notified Citibank of Plaintiff's dispute. However, Citibank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

49.     Upon information and belief, Equifax notified Discover of Plaintiff's dispute. However, Discover failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

50.     On or about May 29, 2024, Plaintiff received dispute results from Trans Union which stated that Plaintiff's personal identifying information was updated. Further, the results stated that the Citibank Account was verified and updated, and that the Discover Account was verified as accurate. Lastly, the dispute results stated the Bull City Account was deleted.

11

51.    Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

52.    Trans Union never attempted to contact Plaintiff during the alleged investigation.

53.    Upon information and belief, Trans Union notified Citibank of Plaintiff's dispute. However, Citibank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

54.    Upon information and belief, Trans Union notified Discover of Plaintiff's dispute. However, Discover failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

55.    On or about June 5, 2024, Plaintiff received dispute results from Experian which stated that the Citibank Account was verified and remains, and that the Discover Account was verified and updated. Lastly, the dispute results stated the Bull City Account was deleted.

56.    Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

57.     Experian never attempted to contact Plaintiff during the alleged investigation.

58.     Upon information and belief, Experian notified Citibank of Plaintiff's dispute. However, Citibank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

59.     Upon information and belief, Experian notified Discover of Plaintiff's dispute. However, Discover failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

60.     On or about June 13, 2024, Plaintiff obtained updated copies of his updated credit reports from the CRAs. Upon review, Plaintiff observed the Citibank Account and Discover Account continued to be reported to his credit file.

61.     Despite Plaintiff's best efforts to have the erroneous reporting removed, the CRAs continue to report fraudulent and unauthorized accounts to Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

62. The CRAs have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continues to parrot off the back of the furnisher(s).

63. Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

64. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i.   Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii.   Loss of time attempting to cure the error(s);

    iii.   Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life. Plaintiff is being physically affected by Defendants' reluctance to fix the error(s);

    iv.   Denials for new lines of credit;

    v.   Apprehensiveness to apply for credit due to the fear of rejection; and

vi.    Defamation as Defendants published inaccurate information to third

party entities

**CAUSES OF ACTION**

**COUNT I**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Negligent)**

65.    Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-four (64) as if fully stated herein.

66.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

67.    Equifax allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

68.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

69.    Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

70.     Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

71.     Equifax violated its own policies and procedures by not removing the erroneous accounts to make his credit file accurate when Plaintiff provided a copy of the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

72.     As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

73.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

74.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, JOEL WILLIAM MALLETTE, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs;

award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

**COUNT II**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Willful)**

75.     Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-four (64) as if fully stated herein.

76.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

77.     Equifax allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

78.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

79.     Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

80.     Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

81.    Equifax violated its own policies and procedures by not removing the erroneous accounts to make his credit file accurate when Plaintiff provided a copy of the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

82.    As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

83.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

84.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, JOEL WILLIAM MALLETTE, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

## COUNT III
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

85.     Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-four (64) as if fully stated herein.

86.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

87.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent reporting, upon information and belief, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

88.     Plaintiff provided Equifax with the information it needed to confirm that he was a victim of identity theft. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

89.     As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

90.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

91.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, JOEL WILLIAM MALLETTE, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

### COUNT IV
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

92.     Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-four (64) as if fully stated herein.

20

93.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

94.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent reporting, upon information and belief, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

95.     Plaintiff provided Equifax with the information it needed to confirm that he was a victim of identity theft. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

96.     As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

97.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

98.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, JOEL WILLIAM MALLETTE, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

### COUNT V
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Equifax Information Services LLC (Negligent)

99.    Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-four (64) as if fully stated herein.

100.   After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

101.   Plaintiff provided to Equifax appropriate and sufficient proofs of identity to allow Equifax to create a high degree of confidence in knowing the identity of Plaintiff.

22

102.   Despite the sufficient proofs of identification produced by Plaintiff, Equifax refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, his credit report, or dispute results to Plaintiff.

103.   As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

104.   The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

105.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, JOEL WILLIAM MALLETTE, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

**COUNT VI**
**Violation of 15 U.S.C. § 1681g as to**
**Defendant, Equifax Information Services LLC (Willful)**

106. Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-four (64) as if fully stated herein.

107. After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

108. Plaintiff provided to Equifax appropriate and sufficient proofs of identity to allow Equifax to create a high degree of confidence in knowing the identity of Plaintiff.

109. Despite the sufficient proofs of identification produced by Plaintiff, Equifax refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, his credit report, or dispute results to Plaintiff.

110. As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

111.   The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

112.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, JOEL WILLIAM MALLETTE, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

### COUNT VII
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Experian Information Solutions, Inc. (Negligent)**

113.   Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-four (64) as if fully stated herein.

114.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

115.   Experian allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

116.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

117.   Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

118.   Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

119.   Experian violated its own policies and procedures by not removing the erroneous accounts to make his credit file accurate when Plaintiff provided a copy of the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

120.   As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

121.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

122.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, JOEL WILLIAM MALLETTE, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

## COUNT VIII
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

123.   Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-four (64) as if fully stated herein.

124.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

125.   Experian allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

126.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

127.   Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

128.   Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

129.   Experian violated its own policies and procedures by not removing the erroneous accounts to make his credit file accurate when Plaintiff provided a copy of the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

130.   As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

131.    The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

132.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, JOEL WILLIAM MALLETTE, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

**COUNT IX**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Negligent)**

133.    Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-four (64) as if fully stated herein.

134.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify

disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

135.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent reporting, upon information and belief, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

136.   Plaintiff provided Experian with the information it needed to confirm that he was a victim of identity theft. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

137.   As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

138.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

139.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, JOEL WILLIAM MALLETTE, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

### COUNT X
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

140.   Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-four (64) as if fully stated herein.

141.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

142.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent reporting, upon information and belief,

Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

143. Plaintiff provided Experian with the information it needed to confirm that he was a victim of identity theft. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

144. As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

145. The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

146. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, JOEL WILLIAM MALLETTE, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award

Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

## COUNT XI
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

147.   Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-four (64) as if fully stated herein.

148.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

149.   Trans Union allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

150.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

151.   Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

152.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

153.   Trans Union violated its own policies and procedures by not removing the erroneous accounts to make his credit file accurate when Plaintiff provided a copy of the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

154.   As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

155.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

156.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, JOEL WILLIAM MALLETTE, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

## COUNT XII
## Violation of 15 U.S.C. § 1681e(b) as to
## Defendant, Trans Union LLC (Willful)

157.   Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-four (64) as if fully stated herein.

158.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

159.   Trans Union allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

160.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

161.   Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

162.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

163.   Trans Union violated its own policies and procedures by not removing the erroneous accounts to make his credit file accurate when Plaintiff provided a

copy of the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

164.   As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

165.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

166.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, JOEL WILLIAM MALLETTE, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

**<u>COUNT XIII</u>**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Trans Union LLC (Negligent)**

167.   Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-four (64) as if fully stated herein.

168.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know Is unreliable.

169.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent reporting, upon information and belief, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

170.   Plaintiff provided Trans Union with the information it needed to confirm that he was a victim of identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

171.   As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

172.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

173.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, JOEL WILLIAM MALLETTE, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

## COUNT XIV
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Willful)

174.   Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-four (64) as if fully stated herein.

175.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation;

38

(iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

176.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent reporting, upon information and belief, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

177.    Plaintiff provided Trans Union with the information it needed to confirm that he was a victim of identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

178.    As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

179.    The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

180.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, JOEL WILLIAM MALLETTE, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

## COUNT XV
### Violation of 15 U.S.C. § 1681s-2(b) as to
### Defendant, Citibank, N.A. (Negligent)

181.   Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-four (64) as if fully stated herein.

182.   Citibank furnished inaccurate account information to the CRAs, and through those CRAs to all of Plaintiff's potential lenders.

183.   After receiving Plaintiff's disputes, Citibank violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

184.   Plaintiff provided all the relevant information and documents necessary for Citibank to have identified that the account was fraudulent.

185.   Citibank did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Citibank by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

186.   Citibank violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

187.   As a direct result of this conduct, action and/or inaction of Citibank, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

188.   The conduct, action, and inaction of Citibank was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

189.   Plaintiff is entitled to recover costs and attorney's fees from Citibank in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE Plaintiff, JOEL WILLIAM MALLETTE, respectfully requests that this Court award actual damages against Defendant, CITIBANK, N.A., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

## COUNT XVI
### Violation of 15 U.S.C. § 1681s-2(b) as to
### Defendant, Citibank, N.A. (Willful)

190.   Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-four (64) as if fully stated herein.

191.   Citibank furnished inaccurate account information to the CRAs, and through those CRAs to all of Plaintiff's potential lenders.

192.   After receiving Plaintiff's disputes, Citibank violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the account; (ii) failing to review all relevant information regarding same; (iii) failing to

accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

193.    Plaintiff provided all the relevant information and documents necessary for Citibank to have identified that the account was fraudulent.

194.    Citibank did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Citibank by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

195.    Citibank violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

196.    As a direct result of this conduct, action and/or inaction of Citibank, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

197.    The conduct, action, and inaction of Citibank was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

198.    Plaintiff is entitled to recover costs and attorney's fees from Citibank in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE Plaintiff, JOEL WILLIAM MALLETTE, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, CITIBANK, N.A., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

## COUNT XVII
### Violation of 15 U.S.C. § 1681s-2(b) as to
### Defendant, Discover Bank (Negligent)

199.    Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-four (64) as if fully stated herein.

200.    Discover furnished inaccurate account information to the CRAs, and through those CRAs to all of Plaintiff's potential lenders.

201.   After receiving Plaintiff's disputes, Discover violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

202.   Plaintiff provided all the relevant information and documents necessary for Discover to have identified that the account was fraudulent.

203.   Discover did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Discover by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

204.   Discover violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

205.  As a direct result of this conduct, action and/or inaction of Discover, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

206.  The conduct, action, and inaction of Discover was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

207.  Plaintiff is entitled to recover costs and attorney's fees from Discover in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE Plaintiff, JOEL WILLIAM MALLETTE, respectfully requests that this Court award actual damages against Defendant, DISCOVER BANK, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

### **COUNT XVIII**
**Violation of 15 U.S.C. § 1681s-2(b) as to**
**Defendant, Discover Bank (Willful)**

208.  Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-four (64) as if fully stated herein.

209. Discover furnished inaccurate account information to the CRAs, and through those CRAs to all of Plaintiff's potential lenders.

210. After receiving Plaintiff's disputes, Discover violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

211. Plaintiff provided all the relevant information and documents necessary for Discover to have identified that the account was fraudulent.

212. Discover did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Discover by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

213.    Discover violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

214.    As a direct result of this conduct, action and/or inaction of Discover, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

215.    The conduct, action, and inaction of Discover was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

216.    Plaintiff is entitled to recover costs and attorney's fees from Discover in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE Plaintiff, JOEL WILLIAM MALLETTE, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, DISCOVER BANK, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, JOEL WILLIAM MALLETTE, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, CITIBANK, N.A., and DISCOVER BANK, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 28th day of June 2024.

Respectfully Submitted,

*/s/ Frank H. Kerney, III, Esq.*
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com

**/s/ Octavio Gomez**
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
*Attorneys for Plaintiff*